**14 CV 5735**

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMON BOLTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INC.; LEXISNEXIS, a division of Reed Elsevier Inc.; LEXISNEXIS RISK SOLUTIONS INC.; and FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., formerly known as LexisNexis Screening Solutions Inc.,<br><br>Defendants. | Case No. 1:14-cv-05735-PAC<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>RECEIVED JUL 25 2014 U.S.D.C. S.D.N.Y. CASHIERS |

Plaintiff Jamon Bolton ("Plaintiff" or "Mr. Bolton"), by and through his undersigned counsel, respectfully files this Class Action Complaint on behalf of himself and a class of similarly situated individuals who were the subjects of inaccurate criminal background reports that defendants Reed Elsevier Inc.; LexisNexis (a division of Reed Elsevier Inc.); LexisNexis Risk Solutions Inc.; and First Advantage LNS Screening Solutions, Inc. (collectively, "Defendants" or "LexisNexis") created and furnished to third parties for employment-related purposes. Plaintiff bases the allegations herein upon his personal knowledge and the investigation of his counsel.

## GENERAL ALLEGATIONS

1. Many employers require job applicants to complete a background check successfully prior to extending an offer of employment.

2. Employers may also conduct background checks on current employees.

3. Companies that provide background check services collect information concerning members of the public, such as criminal histories, into reports and offer the reports

for sale, including for sale to employers when the employers are conducting background checks on prospective and current employees.

4. LexisNexis provides such services. LexisNexis offers background reports for sale to employers, including background reports containing criminal histories.

5. Because an employer's hiring decision (or decision to retain an employee) often depends upon the applicant (or current employee) being either completely free of criminal convictions or free of criminal convictions within a certain period of time, it is extremely important that the information contained in criminal history reports is accurate.

6. Unfortunately for current and prospective employees whose employers engage LexisNexis's background reporting services, when LexisNexis provides a criminal history report that includes one or more criminal convictions (a "Criminal Conviction Report"), the Criminal Conviction Report is misleading and, consequently, inaccurate.

7. LexisNexis's misleading and inaccurate Criminal Conviction Reports result in adverse employment decisions against qualified employees.

8. The Criminal Conviction Reports are misleading because they omit the subject's conviction date, yet they include another date (labeled merely "Date") that LexisNexis presents in a fashion that suggests the "Date" is actually a conviction date.

9. Specifically, in the section of LexisNexis's Criminal Conviction Reports that provides information concerning a criminal conviction, LexisNexis provides the information using the following labels and in the following order:

    Case Reference #

    Case Date

    Name on File

    DoB on File

        Charge

        Charge Type

        Disposition

        Date

        Sentence

10. As the preceding paragraph shows, LexisNexis's Criminal Conviction Reports provide several dates in connection with information concerning a criminal conviction, including dates labeled "Case Date" and "Date."[1]

11. The "Case Date" is always earlier in time than the "Date."

12. Because LexisNexis presents the "Case Date" just below the "Case Reference #" and the "Case Date" is always earlier in time than the "Date," employers do not likely infer that the "Case Date" is a conviction date.

13. Because LexisNexis presents the "Date" just after information concerning the subject's "Charge," "Charge Type," and the charge's "Disposition" and just before the subject's "Sentence," and because the "Date" is always later in time than the "Case Date," employers very likely reasonably infer that the information LexisNexis labels as "Date" is a conviction date.

14. However, the information that LexisNexis labels as "Date" is not a conviction date. The "Date" is actually the date that the subject's case was closed.

15. Thus, LexisNexis presents the criminal history information in its Criminal Conviction Reports in a manner that misleads employers and, consequently, injures prospective and current employees.

16. A reasonably prudent person in Defendants' position would not use the label

---

[1] Some reports may also provide a "Current as of Date." Neither the "DoB on File" (*i.e.*, the date of birth on file) nor the "Current as of Date" are material for purposes of Plaintiff's action.

"Date" to identify when a report subject's case was closed, especially when presenting the "Date" information immediately after information concerning the subject's "Charge," "Charge Type," and "Disposition" and immediately before information concerning the subject's "Sentence." Instead of using the label "Date," a reasonably prudent person would use the label "Case Closed," "Date Case Closed," or another similar label indicating the report subject's case was closed on the date provided. If the report subject plead guilty to the charges, a reasonably prudent person would include a date labeled "Date of Guilty Plea" or another similar label on the report.

17. Thus, information that would clarify LexisNexis's misleading Criminal Conviction Reports is easily available, and including the information in the Criminal Conviction Reports would impose comparatively little cost on LexisNexis.

18. By contrast, the injuries prospective and current employees suffer on account of LexisNexis's misleading Criminal Conviction Reports are significant: among other things, employees can lose their jobs, can lose wages to which they would otherwise be entitled, and can suffer emotional distress, mental anguish, loss of enjoyment of life, embarrassment, and humiliation.

19. Because the cost of changing the Criminal Conviction Reports is low and the cost to report subjects of the current inaccuracy is high, it is unreasonable for LexisNexis to continue to describe the dates that criminal cases closed in its Criminal Conviction Reports merely as "Date."

20. As described in detail below, LexisNexis has injured Plaintiff by providing his employer with a misleading and inaccurate Criminal Conviction Report. The inaccurate Criminal Conviction Report that LexisNexis provided resulted in, among other things, Plaintiff losing his job.

21. LexisNexis systematically violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), by failing to follow reasonable procedures to assure maximum possible accuracy of the Criminal Conviction Reports it provides to employers in connection with criminal background checks, as described herein.

22. Plaintiff seeks redress on behalf of all persons who have suffered adverse employment decisions due to LexisNexis's misleading and inaccurate criminal background reporting practices.

## PARTIES

### Plaintiff Jamon Bolton

23. Plaintiff Jamon Bolton resides in New York, New York, in Manhattan.

24. On or before June 23, 2011, Mr. Bolton applied for a management position with T.J. Maxx, which is a part of the TJX Companies, Inc.

25. On his employment application, Mr. Bolton truthfully answered "no" to a question about whether he had been convicted of a crime within the past eight (8) years.

26. T.J. Maxx offered Mr. Bolton the management position shortly thereafter, subject to the successful completion of a background check.

27. On June 23, 2011, LexisNexis sent Mr. Bolton a letter informing him that it would be furnishing a report of "public record information concerning [him]" to T.J. Maxx. The June 23 letter enclosed a copy of a LexisNexis Criminal Conviction Report concerning Mr. Bolton.

28. On June 30, 2011, the TJX Companies, Inc. sent Mr. Bolton a letter informing him that it had contracted with LexisNexis to conduct "an independent investigation of [his] background including . . . reviewing . . . criminal records." The June 30 letter enclosed a copy of a LexisNexis Criminal Conviction Report concerning Mr. Bolton.

29. The information in the June 30 report concerning Mr. Bolton's criminal history was virtually identical to the information in the June 23 report concerning Mr. Bolton's criminal history.

30. The June 23 and June 30 Criminal Conviction Reports both contained misleading and inaccurate information concerning Mr. Bolton's criminal conviction history.

31. Specifically, LexisNexis's June 23 and June 30 Criminal Conviction Reports both provided the following information concerning Mr. Bolton, in the following order:

| | |
|---|---|
| Case Reference # | 00996-2003 |
| Case Date | 09/24/2002 |
| Name on File | JAMON BOLTON |
| DoB on File | [omitted [2]] |
| Charge | ATTEMPTED GRAND LARCENY 3RD DEGREE |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Date | 12/05/2006 |
| Sentence | PROBATION 5 YEARS [3] |

32. Because LexisNexis presented information it labeled as "Date" after information concerning Mr. Bolton's "Charge," "Charge Type," and "Disposition" and before information concerning Mr. Bolton's "Sentence," and because the "Date" of December 5, 2006 was later than the "Case Date" of September 24, 2002, LexisNexis's presentation misleadingly and inaccurately suggested that Mr. Bolton was convicted of a felony on December 5, 2006.

---

[2] Plaintiff has intentionally omitted the month and date of his birth from this Class Action Complaint, as they are not material herein. Plaintiff is over eighteen (18) years old.

[3] The June 23 report also stated the following after the "Sentence":

Current as of Date    01/20/2011

33. However, Mr. Bolton's conviction date was not December 5, 2006. In fact, Mr. Bolton pled guilty to Attempted Grand Larceny 3rd Degree on March 13, 2003.

34. Neither LexisNexis's June 23 report nor its June 30 report includes Mr. Bolton's actual conviction date of March 13, 2003.

35. LexisNexis never advised T.J. Maxx (and/or TJX Companies, Inc.) that Mr. Bolton's actual conviction date was March 13, 2003.

36. LexisNexis's misleading and inaccurate June 30 Criminal Conviction Report concerning Mr. Bolton injured him in numerous ways, including by directly leading to T.J. Maxx terminating his employment, as detailed below.

37. T.J. Maxx has a policy against hiring or retaining employees who have been convicted of a felony within eight (8) years of their application for employment (the "Hiring Policy").

38. As stated above, LexisNexis's misleading presentation of information in its June 30 Criminal Conviction Report on Mr. Bolton strongly, and inaccurately, suggested that December 5, 2006—a date well within eight (8) years of June 23, 2011 (the date of Mr. Bolton's application for employment with T.J. Maxx)—was the date of his conviction for committing a felony.

39. Under T.J. Maxx's Hiring Policy, if Mr. Bolton had in fact been convicted of a felony on December 5, 2006, T.J. Maxx could not hire or retain him as an employee.

40. Mr. Bolton, however, was not convicted of a felony within eight (8) years of June 23, 2011, as he pled guilty on March 13, 2003. Since Mr. Bolton was not convicted of a felony within eight (8) years of his application for employment with T.J. Maxx, he was qualified for employment with T.J. Maxx, at least insofar as his criminal record and T.J. Maxx's Hiring Policy were concerned.

41. Thus, LexisNexis's misleading and inaccurate June 30 report caused T.J. Maxx to come to an incorrect result when applying its Hiring Policy.

42. Furthermore, based on LexisNexis's misleading and inaccurate Criminal Conviction Report, T.J. Maxx very likely inferred, erroneously, that Mr. Bolton lied on his employment application when he answered "no" to a question about whether he had been convicted of a crime within the past eight (8) years.

43. Moreover, in the abovementioned June 30, 2011, letter to Mr. Bolton, the TJX Companies, Inc. informed him that "[b]ased on information in [LexisNexis's June 30 Criminal Conviction Report], you would not be extended an offer of employment."

44. Subsequently, T.J. Maxx fired Mr. Bolton.

45. But for the misleading and inaccurate criminal history information in LexisNexis's June 30 Criminal Conviction Report, Mr. Bolton would have continued his employment with T.J. Maxx, and the June 30 report was a direct and immediate cause of his termination.

46. LexisNexis's conduct actually and proximately caused Mr. Bolton to suffer injury and damages, including but not limited to the following:

    a. loss of his job with T.J. Maxx;

    b. loss of wages to which Mr. Bolton would otherwise have been entitled, had he continued employment with T.J. Maxx;

    c. damage to his reputation due to LexisNexis's misleading and inaccurate statements concerning him; and

    d. emotional distress, mental anguish, loss of enjoyment of life, humiliation, and embarrassment due to all of the foregoing injuries.

**Defendant Reed Elsevier Inc.**

47. Defendant Reed Elsevier Inc. is a corporation organized under the laws of the

Commonwealth of Massachusetts on July 22, 1986.[4]

48. Reed Elsevier Inc.'s principal executive office is located at 2 Newton Place, Suite 350, Newton, Massachusetts 02458.[5]

**Defendant LexisNexis**

49. Defendant LexisNexis is a division of defendant Reed Elsevier Inc.[6]

**Defendant LexisNexis Risk Solutions Inc.**

50. Defendant LexisNexis Risk Solutions Inc. is a corporation organized under the laws of the State of Georgia.[7]

51. LexisNexis Risk Solutions Inc.'s principal executive office is located at 1000 Alderman Drive, Alpharetta, Georgia 30005.[8]

52. On information and belief, LexisNexis Risk Solutions Inc. owns or formerly owned LexisNexis Screening Solutions Inc.[9]

**Defendant First Advantage LNS Screening Solutions, Inc.**

53. Defendant First Advantage LNS Screening Solutions, Inc. is a corporation organized under the laws of the State of Georgia.[10]

---

[4] Corporations Division, Business Entity Summary, Summary for: REED ELSEVIER INC., http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=521471842&SEARCH_TYPE=1 (last visited May 19, 2014).

[5] *Id.*

[6] LexisNexis, http://www.lexisnexis.com/terms/ (last visited May 19, 2014).

[7] LexisNexis Risk Solutions Inc. Control Number J214903, https://cgov.sos.state.ga.us/Account.aspx/ViewEntityData?entityId=634250 (last visited May 19, 2014).

[8] *Id.*

[9] Press Release: LexisNexis® to Sell Screening Solutions Portfolio to Symphony Technology Group, https://www.lexisnexis.com/risk/newsevents/press-release.aspx?Id=1358386580843466 (last visited May 19, 2014).

[10] First Advantage LNS Screening Solutions, Inc. Control Number 0456709, https://cgov.sos.state.ga.us/Account.aspx/ViewEntityData?entityId=304871 (last visited May 19,