UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
JAMON BOLTON, on behalf of himself and others : **ECF Case**
similarly situated, :
: 14 Civ. 5735 (PAC)
                          Plaintiff, :
            vs. :
:
REED ELSEVIER INC.; LEXISNEXIS, a division :
of Reed Elsevier Inc.; LEXISNEXIS RISK :
SOLUTIONS INC.; and FIRST ADVANTAGE :
LNS SCREENING SOLUTIONS, INC., formerly :
known as LexisNexis Screening Solutions Inc., :
:
                         Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Dated:  October 27, 2014

SEYFARTH SHAW LLP

Frederick T. Smith (admitted *pro hac vice*)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
(404) 888-1021

Gina R. Merrill
Tara M. Conroy
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
First Advantage LNS Screening Solutions, Inc.

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1
STATEMENT OF FACTS ..................................................................................................... 2
ARGUMENT .......................................................................................................................... 4
   A.  Plaintiff's FCRA Claim Is Time-Barred. ............................................................. 5
   B.  Plaintiff's FCRA Claim Is Not Tolled By *American Pipe*. ................................. 6
      1.  *American Pipe* Does Not Apply Because Plaintiff Was Not A Putative Class Member In Giddiens. ..................................................................................... 7
      2.  Far From Being "Virtually Identical," The *Giddiens* Lawsuit And This Action Are Based On Entirely Different Facts And Circumstances. ............................ 9
         a.  *American Pipe* Does Not Apply To Claims Premised On A Different Factual Basis Than The Earlier-Filed Suit. ................................................................ 9
         b.  The *Giddiens* Complaint Did Not Put First Advantage On Notice Of Plaintiff's Claims .............................................................................................. 11
CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Pipe and Construction Co. v. Utah*,
   414 U.S. 538 (1974) .................................................................................. 1, 4, 6, 8, 9, 10, 11, 12

*Arivella v. Lucent Technologies*,
   623 F. Supp. 2d 164 (D. Mass. 2009) ................................................................... 9, 10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 4

*Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*,
   No. 11 Civ. 6345, 2012 WL 3930112 (S.D.N.Y. Sept. 10, 2012) ......................... 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 4

*Cowles v. Bank West*,
   719 N.W.2d 94 (Mich. 2006) ................................................................................ 10

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983) .......................................................................................... 6, 9, 11

*Currithers v. FedEx Ground Package Sys., Inc.*,
   No. 04-1005, 2012 WL 458466 (E.D. Mich. Feb. 13, 2012) ................................. 10

*Derbaremdiker v. Applebee's Int'l, Inc.*,
   No. 12-CV-01058, 2012 U.S. Dist. LEXIS 138596 (E.D.N.Y. Sept. 26, 2012) ....... 5

*Giddiens v. First Advantage LNS Screening Solutions, Inc.*,
   No. 2:12-cv-02624-LDD ................................................................. 4, 6, 7, 8, 9, 10, 11, 12

*In re Agent Orange Prod. Liability Litig.*,
   818 F.2d 210 (2d Cir. 1987) ................................................................................... 6

*In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*,
   995 F. Supp. 2d 291 (S.D.N.Y. 2014) ................................................................... 12

*In re Direxion Shares ETF Trust*,
   279 F.R.D. 221 (S.D.N.Y. 2012) ............................................................................ 8

*Koch v. Christie's Int'l PLC*,
   699 F.3d 141 (2d Cir. 2012) ................................................................................... 4

*Marin v. Citibank, N.A., Inc.*,
   No. 98-7976, 2000 WL 268582 (2d Cir. Mar. 10, 2000) ....................................... 5

*Mass. Bricklayers & Mason Funds v. Deutsche Alt-A Sec.*,
  273 F.R.D. 363 (E.D.N.Y. 2011) ..................................................................................8

*Matana v. Merkin*,
  957 F. Supp. 2d 473 (S.D.N.Y. 2013)..........................................................................8

*Ogunmokun v. American Educ. Services/PHEAA*,
  No. 12-CV-4403, 2014 WL 4724707 (E.D.N.Y. Sept. 23, 2014) ...............................5

*Raie v. Cheminova Inc.*,
  336 F.3d 1278 (11th Cir. 2003) ...................................................................................8

*Sellers v. Bragg*,
  No. 04 Civ. 3663, 2005 WL 1667406 (N.D. Ill. July 13, 2005)................................11

*Shriners Hosp. for Children v. Qwest Commc'n, Int'l, Inc.*,
  No. 04 Civ. 00781, 2007 WL 2801494 (D. Colo. Sept. 24, 2007) ............................12

*Trans Union LLC v. Lindor*,
  393 F. App'x 786 (2d Cir. 2010) .................................................................................5

*Williams v. Boeing, Co.*,
  517 F.3d 1120 (9th Cir. 2008) .............................................................................11, 12

**STATUTES**

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* .....................................................1, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8................................................................................................................4

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 3

Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. ("First Advantage"), by its attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Class Action Complaint.

## INTRODUCTION

In June 2011, Plaintiff applied for a job with T.J. Maxx. T.J. Maxx subsequently contracted with LexisNexis, the predecessor to First Advantage, to conduct a background check on Plaintiff. The background check reports that LexisNexis prepared concerning Plaintiff reported information relating to Plaintiff's conviction for attempted grand larceny in the third degree, including information under the heading "Date." T.J. Maxx wrongly understood the "Date" information to be Plaintiff's date of conviction, and on June 30, 2011, it denied employment to Plaintiff under a company rule prohibiting hiring or retaining employees who had been convicted of a felony within eight years of their application for employment.

Plaintiff now seeks to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against First Advantage on the basis of these June 2011 background check reports. This claim is undeniably time-barred. Because FCRA claims must be brought within two years from the date of the alleged violation, Plaintiff was required to bring any claim based on the June 2011 reports by June 2013. Plaintiff, however, did not file his FCRA claim until July 25, 2014, and thus his action was brought more than a year too late. Plaintiff admits that his claim was not filed within the statutory two-year period, but argues that the claim is saved by the tolling doctrine articulated by the United States Supreme Court in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 553 (1974). Contrary to Plaintiff's assertion, the *American Pipe* doctrine has no bearing on this case because Plaintiff was never a member of the class in the earlier filed litigation identified by Plaintiff and his FCRA claim is not "sufficiently

similar" to the claims brought in that action.  For these reasons, discussed more fully below, First Advantage's Motion to Dismiss Plaintiff's Class Action Complaint should be granted.

## STATEMENT OF FACTS[1]

On June 23, 2011, Plaintiff applied for a position at T.J. Maxx, part of TJX Companies, Inc. (Compl. ¶ 24).  In response to a question in his employment application which asked whether he had been convicted of a crime within the past eight years, Plaintiff answered "No." (Compl. ¶ 25).  T.J. Maxx subsequently offered Plaintiff a job, contingent upon the successful completion of a background check. (Compl. ¶ 26).

T.J. Maxx then contracted with LexisNexis to conduct a background check on Plaintiff. (Compl. ¶¶ 26-27).  On June 23, 2011, Plaintiff received a copy of a LexisNexis Criminal Conviction Report concerning himself. (Compl. ¶ 27).  On June 30, 2011, Plaintiff received a letter from TJX Companies that enclosed another LexisNexis Criminal Conviction Report concerning himself. (Compl. ¶ 28).  The June 23rd report and the June 30th report (collectively the "Reports") contained the following information about Plaintiff:

| | |
|---|---|
| Case Reference # | 00996-2003 |
| Case Date | 9/24/2002 |
| Name on File | JAMON BOLTON |
| DoB on file | [omitted] |
| Charge | ATTEMPTED GRAND LARCENY 3RD DEGREE |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Date | 12/05/2006 |
| Sentence | PROBATION 5 YEARS |

---

[1] This Statement of Facts is based, as it must be, on allegations in Plaintiff's Class Action Complaint.  Defendant disputes many of the allegations, but assumes them to be true for purposes of its motion to dismiss.

(Compl. ¶ 31).  The "Date" information provided after "Charge," "Charge Type", and "Disposition" did not reflect Plaintiff's date of conviction, and the date of conviction was not included in the Reports and was never reported by LexisNexis to T.J. Maxx. (Compl. ¶¶ 32, 34-35).

The Reports ultimately impacted Plaintiff's employment prospects at T.J. Maxx because T.J. Maxx has a policy against hiring or retaining employees who have been convicted of a felony within eight years of their application for employment, and T.J. Maxx allegedly interpreted the "Date" information to reflect the date of conviction. (Compl. ¶¶ 36-37). Accordingly, the June 30, 2011 letter from TJX Companies to Plaintiff informed him that "[b]ased on information in [the Reports, Plaintiff] would not be extended an offer of employment." (Compl. ¶ 43).  T.J. Maxx subsequently terminated Plaintiff's employment. (Compl. ¶ 44).

On July 25, 2014, Plaintiff filed the instant putative class action, alleging a FCRA claim against First Advantage on the basis of the Reports.  In his Complaint, Plaintiff defines the class as follows:

> All persons in the United States and its territories for whom, at any time during the applicable limitations period, LexisNexis issued one or more Criminal Conviction Reports to a current or prospective employer, or for whom one or more Criminal Conviction Reports that LexisNexis previously issued to a current of prospective employer remained outstanding, in which LexisNexis omitted the date of the report subject's conviction and yet included information labeled "Date," . . .

(Compl. ¶ 61).

First Advantage contends that Plaintiff's Class Action Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it is untimely, and on September 5, 2014, First Advantage requested this Court's permission to file a motion to

3

dismiss on this basis.[2] Plaintiff responded to First Advantage's letter on September 10, 2014,[3] and on October 7, 2014, the parties had a pre-motion conference before the Honorable Judge Crotty to discuss First Advantage's requested motion. In its pre-motion letter and during the conference, Plaintiff's counsel argued that the statute of limitations had not expired on Plaintiff's claim due to the application of the *American Pipe* tolling doctrine as a consequence of a "virtually identical" lawsuit, *Giddiens v. First Advantage LNS Screening Solutions, Inc.*, No. 2:12-cv-02624-LDD, filed in the United States District Court for the Eastern District of Pennsylvania on May 14, 2012.[4] Plaintiff's counsel further argued that *American Pipe* tolling applies to the instant action because Plaintiff's claim "could have" been brought in *Giddiens*.

## ARGUMENT

To survive a motion to dismiss, a complaint must allege sufficient facts, which, if accepted as true, state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Importantly, it is not enough under Rule 8 of the Federal Rules of Civil Procedure to allege facts that merely raise the "sheer possibility that a defendant has acted unlawfully," nor may plaintiffs rely on "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must allege facts that move a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court may dismiss a complaint on statute of limitations grounds where the face of the complaint shows that the action is untimely. *See, e.g., Koch v. Christie's Int'l PLC*, 699 F.3d 141, 153, 157 (2d Cir. 2012).

---

[2] First Advantage's September 5th letter also articulated grounds to move to dismiss the other claims asserted by Plaintiff in his Class Action Complaint. Plaintiff responded in his September 10th letter that he did not intend to pursue the non-FCRA claims. Accordingly, First Advantage does not address those claims in this motion. (*See* Plaintiff's September 10, 2014 letter, n.1). A copy of First Advantage's September 5th letter is attached hereto as Exhibit A.
[3] A copy of Plaintiff's September 10th letter is attached hereto as Exhibit B.
[4] A copy of the *Giddiens* complaint is attached hereto as Exhibit C.

In determining the sufficiency of the pleadings, the Court may consider "(1) the factual allegations in the complaint, (2) documents attached to the complaint as exhibits or incorporated in it by reference, (3) matters of which judicial notice may be taken, and (4) documents that are integral to the complaint." *Derbaremdiker v. Applebee's Int'l, Inc.,* No. 12-CV-01058, 2012 U.S. Dist. LEXIS 138596, at *11 (E.D.N.Y. Sept. 26, 2012).

### A.   Plaintiff's FCRA Claim Is Time-Barred.

Alleged violations of the FCRA must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.  Here, Plaintiff's FCRA claim is predicated on background reports issued by LexisNexis on June 23, 2011 and June 30, 2011. (Compl. ¶¶ 27 - 46, 71-72).  Plaintiff was aware of the Reports on the dates they were issued (Compl. ¶¶ 27-28), and therefore he was required to bring any claim under the FCRA predicated on the Reports by June 2013 in order for such claim to be timely.  But, Plaintiff did not file suit until July 25, 2014, more than a year after the statutory limitations period closed.  Plaintiff's FCRA claim is therefore untimely and should be dismissed.  *See Trans Union LLC v. Lindor*, 393 F. App'x 786, 788 (2d Cir. 2010) (dismissing FCRA claim as untimely where plaintiff filed suit more than two years after alleged violation); *Marin v. Citibank, N.A., Inc.*, No. 98-7976, 2000 WL 268582, at *1 (2d Cir. Mar. 10, 2000) (upholding dismissal of FCRA claim where it was "barred by the two-year statute of limitations"); *Ogunmokun v. American Educ. Services/PHEAA*, No. 12-CV-4403, 2014 WL 4724707, at *8 (E.D.N.Y. Sept. 23, 2014) (dismissing FCRA claim as time-barred where it was filed "roughly two-and-a-half years" after alleged violation).

B.     **Plaintiff's FCRA Claim Is Not Tolled By** *American Pipe*.

Plaintiff agrees that his FCRA claim was not brought within the FCRA's two-year limitations period, but contends that the claim is tolled under *American Pipe* by the filing of a "virtually identical" case in May 2012, *Giddiens v. First Advantage LNS Screening Solutions, Inc.*, No. 2:12-cv-02624-LDD, in the United States District Court for the Eastern District of Pennsylvania. (Ex. B at 2-3).

In *American Pipe and Construction Co. v. Utah*, the Supreme Court held that "the commencement of [a] class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene." 414 U.S. at 553. The Supreme Court later extended the *American Pipe* tolling doctrine to include "all asserted members of the class," not just intervenors. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983). *American Pipe, Crown, Cork & Seal Co.,* and their progeny have consistently articulated two parallel goals behind *American Pipe* tolling: (1) to preserve the right to sue of putative class members until the issue of class certification has been decided; and (2) to give defendants notice of the substantive claims against them. *See American Pipe*, 414 U.S. at 554 ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) ("The intent of the *American Pipe* rule is to preserve the individual right to sue of the members of a proposed class until the issue of class certification has been decided.") Here, application of *American Pipe* to Plaintiff's claim will not serve either of these objectives.

*1.   American Pipe Does Not Apply Because Plaintiff Was Not A Putative Class Member In Giddiens.*

Contrary to his assertion, Plaintiff was not a member of the putative class in *Giddiens*. The putative class in the initial *Giddiens* complaint was defined as follows:

> All natural persons residing in the United States who within two (2) years prior to the filing of the Complaint were the subject of a reinvestigation of the completeness or accuracy of any item of information contained in the consumer's files that was disputed by the consumer and were sent a letter by Defendant substantially in the form of the letter attached hereto as Exhibit A;[5] and, All natural persons residing in the United States who, within two (2) years prior to the filing of the Complaint, were the subjects of background reports in which expunged criminal charges were reported by Defendant.

(Ex. C ¶ 44).  Plaintiff contends that he was "encompass[ed]" or "cover[ed]" by this class definition, (Ex. B at 2-3), but fell outside the purview of this class by virtue of a Proposed Settlement Agreement that was preliminarily approved by the court on July 18, 2014. (*Giddiens* Dkt. No. 40).[6]  The class definition contained in the Proposed Settlement Agreement is as follows:

> All persons residing in the United States of America…who were the subject of a LexisNexis employment background screening report that was furnished for an employment purpose within two years preceding the filing of this Action and during its pendency (b) that contained at least one record of criminal history that had been expunged or sealed prior to the date of the employment background screening report, as a result of data from the LifeCycle File developed by the Administrative Office of Pennsylvania Courts not being taken into account in connection with the preparation of the employment background screening report so provided."

*Giddiens* Proposed Settlement Agreement, § 3.1.1.[7]

The above class definitions in *Giddiens* make clear that Plaintiff was never a putative class member at any point in time in that case.  Plaintiff alleges in his Class Action Complaint

---

[5] The cited Exhibit A in the *Giddiens* Class Action Complaint was one sent to individuals for whom LexisNexis has "received a copy of [a] court order to expunge/seal certain criminal records associated with [that individual's] name," which indicated that LexisNexis had taken appropriate action respecting the request.
[6] A copy of the *Giddiens* docket is attached hereto as Exhibit D.
[7] A copy of the *Giddiens* Proposed Settlement Agreement is attached hereto as Exhibit E.

7

that the date information contained in the criminal background reports provided by LexisNexis suggested an erroneous conviction date. (Compl. ¶¶ 32-36, 61).  This is factually distinct from the putative class claim in *Giddiens*, which alleged that LexisNexis had provided criminal background reports that wrongly included expunged convictions. (Ex. C ¶ 44; Ex. E § 3.1.1). Plaintiff tries to ignore these factual differences by arguing that both complaints similarly allege that the defendants violated the FCRA by providing "erroneous criminal record [or background] information" to employers or potential employers. (Ex. B at 2).

Plaintiff cannot pry himself into the *Giddiens* class by depicting the allegations in *Giddiens* and those raised in his complaint in far broader and more ambiguous terms than actually alleged.  *See Raie v. Cheminova Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (holding that *American Pipe* did not apply to toll statute of limitations where plaintiffs relied on an "ambiguous class definition to support their argument for tolling under *American Pipe*" but failed to "demonstrate that their…action was included in the [previously filed] class action"). The narrowing of the *Giddiens* class in the Proposed Settlement Agreement did not newly exclude Plaintiff from its purview, since Plaintiff was never a class member.  Thus, *American Pipe* tolling does not apply to Plaintiff's FCRA claim.  *See Matana v. Merkin*, 957 F. Supp. 2d 473, 488 (S.D.N.Y. 2013) (holding that *American Pipe* did not apply because plaintiff was not member of putative class); *In re Direxion Shares ETF Trust*, 279 F.R.D. 221, 237 (S.D.N.Y. 2012) (same); *Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*, No. 11 Civ. 6345, 2012 WL 3930112, at *9 (S.D.N.Y. Sept. 10, 2012) (same); *Mass. Bricklayers & Mason Funds v. Deutsche Alt-A Sec.*, 273 F.R.D. 363, 366 (E.D.N.Y. 2011) (same).

    2.  *Far From Being "Virtually Identical," The Giddiens Lawsuit And This Action Are Based On Entirely Different Facts And Circumstances.*

In an effort to save Plaintiff's untimely cause of action, he represented to this Court that the "*Giddiens* case is virtually identical to the instant action." (Ex. B at 2). This is plainly false. As explained above, the plaintiff in *Giddiens* alleged that defendants erroneously reported expunged criminal record information, whereas Plaintiff here alleges that First Advantage reported convictions in such a way that the relevant dates were misleading. These claims are altogether different from one another – they involve different class members, different alleged wrongful acts, different reporting procedures, and different witnesses. *American Pipe,* therefore, does not apply. *See Crown, Cork & Seal Co.*, 462 U.S. at 355 (Powell, J., concurring) (*American Pipe* tolling applies to "claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced'").

    a.  *American Pipe* Does Not Apply To Claims Premised On A <u>Different Factual Basis Than The Earlier-Filed Suit.</u>

Tacitly acknowledging that Plaintiff was not a member of the *Giddiens* class, Plaintiff contends that "*American Pipe* tolling applies to similar claims that could have been brought in a previous class action." (Ex. B at 2). Under this novel theory, Plaintiff's FCRA claim "could have" been included in the *Giddiens* suit because it is "similar" to the *Giddiens* claims, and *American Pipe* tolling is therefore appropriate.

Plaintiff has not identified any case law supporting this untenable reading of *American Pipe*, nor can he. Plaintiff cites to *Arivella v. Lucent Technologies*, 623 F. Supp. 2d 164 (D. Mass. 2009) for the proposition that "*American Pipe* tolling applies to similar claims that could have been brought in a previous class action," (Ex. B at 2), but this assertion is without any basis. In *Arivella*, the earlier filed class complaint "alleged exactly the types of breach claimed by the [then] instant plaintiffs, [and] plainly put [defendant] on notice of the potential claims it might

9

have to defend, the factual bases for those claims, and the potential witnesses who might be called." 623 F. Supp. 2d at 180.  *Arivella* does not support the argument that *American Pipe* should apply here, where the factual basis for Plaintiff's claim is entirely different from the factual basis underlying the *Giddiens* complaint.

Other courts have likewise found that *American Pipe* tolling may apply to claims that share a factual nexus with the earlier complaint and therefore "could have" been included in that complaint, but each of these cases is premised on the notion that the claims shared the same factual basis.  *See, e.g., Currithers v. FedEx Ground Package Sys., Inc.*, No. 04-1005, 2012 WL 458466, at *7 (E.D. Mich. Feb. 13, 2012) (applying *American Pipe* tolling to claims not included in original class complaint because, where such claims "share[d] a common factual and legal nexus with the claims asserted in the original complaint" such claims *"could have"* been included in the original class complaint) (emphasis added);  *see also Cowles v. Bank West*, 719 N.W.2d 94, 104, 106 (Mich. 2006) (applying *American Pipe* tolling to claims not included in original class complaint because "the class-action tolling doctrine…applies to claims…that *could have* been raised in the initial complaint" and the "factual bases for [plaintiff's individual] claim [were] the same as the factual bases for the claims raised in [the] initial class-action complaint") (emphasis added).

In short, no court has ever interpreted *American Pipe* and its progeny to apply to claims based on altogether different facts as compared to the earlier-filed claims.  Plaintiff's unsupported interpretation of *American Pipe* would eviscerate the statute of limitations for any claim tangentially related to an earlier filed claim in any class action suit across the country. Plaintiff simply cannot escape the limitations period by rewriting the *American Pipe* rule to suit his case.

        b.      The *Giddiens* Complaint Did Not Put First Advantage On
<br>                  Notice Of Plaintiff's Claims.

"[I]n order to be eligible for *American Pipe* tolling, the claims of a subsequent plaintiff must be sufficiently similar to the claims brought by the failed class such that the class action effectively put the defendant on notice of the plaintiff's potential claims." *Arivella,* 623 F. Supp. at 180; *Crown, Cork & Seal Co.*, 462 U.S. at 353 ("[A] class complaint 'notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.'")  This requirement of similarity ensures that "[t]olling the statute of limitations [] creates no potential for unfair surprise." *Id.*

Despite Plaintiff's representation to this Court that the instant suit and *Giddiens* are "virtually identical," Plaintiff's claims do not even meet the lesser standard of being "sufficiently similar" to the *Giddiens* claims. *American Pipe,* therefore, does not apply. *See Crown, Cork & Seal Co.*, 462 U.S. at 355 (Powell, J., concurring) (*American Pipe* tolling applies to "claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced'"); *Sellers v. Bragg*, No. 04 Civ. 3663, 2005 WL 1667406, at *8 (N.D. Ill. July 13, 2005) (holding that *American Pipe* did not apply where later filed individual action involved "materially different claims" from earlier filed class action, and "particular issues and evidence related to the [individual suit] [were] not fairly encompassed within the issues and evidence called for to resolve the proposed class questions" in the class action). That both complaints allege causes of action under the same statute does not suffice to make them "sufficiently similar." *See Williams v. Boeing, Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (holding that *American Pipe* did not apply to toll statute of limitations in compensation

discrimination claim brought under § 1981 where initial complaint, also brought under § 1981, did not include allegations of compensation discrimination).

Applying *American Pipe* under these circumstances would therefore subject First Advantage to a lawsuit about which it did not have adequate notice. A "defendant is put on notice of the nature of the claims against it when a class action is filed, and the defendant then can take measures to address and defend against those claims while they are relatively fresh." *Shriners Hosp. for Children v. Qwest Commc'n, Int'l, Inc.*, No. 04 Civ. 00781, 2007 WL 2801494, at *4 (D. Colo. Sept. 24, 2007). "[I]f *American Pipe* tolling is applied to all possible claims against the defendant, then…a defendant may be confronted with new claims, of which it was not previously notified, years after the relevant facts occurred." *Id.* Here, the *Giddiens* complaint regarding the alleged reporting of expunged convictions did not put First Advantage on notice of the substantive claims raised by Plaintiff in this case, namely, the manner in which date information was reported on criminal background checks/reports. *Giddiens* also did not put First Advantage on notice of the estimated number of plaintiffs who potentially could bring the same claim as Plaintiff. *American Pipe* tolling is therefore unavailable to Plaintiff. *See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*, 995 F. Supp. 2d 291, 303-04 (S.D.N.Y. 2014) (declining to apply *American Pipe* where earlier filed class action, which related to common stock, did not give defendants "requisite fair notice 'not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs' for claims based on swap transactions").

## CONCLUSION

For the foregoing reasons, First Advantage respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Class Action Complaint, together with such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>October 27, 2014 | SEYFARTH SHAW LLP<br><br>By: /s/ Frederick T. Smith<br>    Frederick T. Smith (admitted *pro hac vice*)<br>    fsmith@seyfarth.com<br>    1075 Peachtree Street, N.E., Suite 2500<br>    Atlanta, Georgia 30309-3962<br>    Telephone: (404) 888-1500<br>    Facsimile: (404) 892-7056<br><br>    Gina R. Merrill<br>    Tara Conroy<br>    gmerrill@seyfarth.com<br>    tconroy@seyfarth.com<br>    620 Eighth Avenue<br>    New York, New York  10018<br>    Telephone:  (212) 218-5500<br>    Facsimile:  (212) 218-5526<br><br>Attorneys for Defendant First Advantage LNS Screening Solutions, Inc. |