UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
JAMON BOLTON *and* CHRISTOPHER                :
STAPLES, *on behalf of themselves and all*    :
*others similarly situated,*                  :
                                              :
                    *Plaintiffs,*             :
                                              :
        *-against-*                           :
                                              :
FIRST ADVANTAGE LNS SCREENING                 :
SOLUTIONS, INC.,                              :
                                              :
                    *Defendant.*              :
                                              :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 1, 2015

14 Civ. 5735 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Jamon Bolton and Christopher Staples bring this class action against Defendant

First Advantage LNS Screening Solutions, Inc. ("First Advantage"), alleging violations of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* First Advantage argues Bolton's

claims are untimely and moves to partially dismiss the suit under Fed. R. Civ. P. 12(b)(6). First

Advantage's motion to dismiss the complaint with respect to Bolton is GRANTED.

## BACKGROUND

On June 23, 2011, Bolton applied for a management position with T.J. Maxx. Am.

Compl. ¶ 24. As part of the application process, Bolton truthfully stated that he had not been

convicted of a crime within the previous eight years. *Id.* at ¶ 25. T.J. Maxx conditionally offered

Bolton the position and retained First Advantage to conduct a background check. *Id.* at ¶¶ 27–28.

As part of its background check, First Advantage produced a report of Bolton's criminal

1

history, which contained the following information:

| | |
|---|---|
| Case Reference # | 00996-2003 |
| Case Date | 09/24/2002 |
| Name on File | JAMON BOLTON |
| DoB on File | omitted |
| Charge | ATTEMPTED GRAND LARCENY 3RD DEGREE |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Date | 12/05/2006 |
| Sentence | PROBATION 5 YEARS |

*Id.* at ¶ 31. Bolton alleges that, based on First Advantage's report, T.J. Maxx erroneously concluded that his conviction date was December 5, 2006 and terminated his offer, pursuant to its policy against hiring employees who have a felony conviction in the eight years preceding their applications. *Id.* at ¶ 38. But December 5, 2006—marked only as "Date" in the report—represented the date Bolton's case was closed, not the date of his conviction. *Id.* at ¶ 14. Bolton's conviction date, March 13, 2003 (more than eight years before he applied to T.J. Maxx), was omitted from the report. *Id.* at ¶¶ 33–34.

On July 25, 2014, Bolton initiated this class action, alleging both negligent and willful violations of FCRA § 1681e(b). First Advantage moved to dismiss the claims as untimely. On February 23, 2015, while First Advantage's motion to dismiss was pending, Bolton amended the complaint to add Staples as a plaintiff. Staples also alleged violations of FCRA § 1681e(b) arising from a report First Advantage furnished to his prospective employer, Home Depot, in

2

July 2013.¹ *Id.* at ¶¶ 47–54. On March 16, 2015, First Advantage moved to partially dismiss the suit, renewing its contention that Bolton's claims are untimely.

## DISCUSSION

### I.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a plausible claim if it "*facially* shows noncompliance with the limitations period." *In re. South African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Therefore, while statute of limitations defenses are affirmative defenses under Fed. R. Civ. P. 8(c), they may be adjudicated at the motion to dismiss stage provided courts "'accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor,'" *Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

### II.   Analysis

#### A.  Statute of Limitations

Actions alleging FCRA violations must be brought "not later than the earlier of (1) 2

---

¹ First Advantage argues that Staples only alleges willful FCRA violations. This is based on an error in the amended complaint. *Compare* Am. Compl. ¶ 63b (noting that "Plaintiff Bolton" brings the negligent violation claim), *with id.* at ¶ 63 (noting that "Plaintiffs" bring "alternative violations of the FCRA . . . [o]ne alternative is based on willful violations . . . [t]he other alternative is based on negligent violations), *and id.* at ¶ 92 (identifying negligent FCRA violations as a cause of action applying to both plaintiffs). The Court therefore reads the amended complaint to allege both willful and negligent FCRA violations with respect to Staples.

years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Bolton does not disagree that he filed his suit three years after discovering the alleged violation; but he contends that the filing of two similar class actions against First Advantage[2] tolled his limitations period under *American Pipe* and its progeny. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"); *accord Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353–54 (1983). The first class action, *Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 12 Civ. 2624 (LDD), was filed in the Eastern District of Pennsylvania on May 14, 2012 on behalf of individuals who "were the subjects of background reports in which expunged criminal charges were reported by [First Advantage]." Giddiens Compl. ¶ 44(b). The second class action, *Teagle v. LexisNexis Screening Solutions, Inc.*, No. 11 Civ. 1280 (RWS), was filed in the Northern District of Georgia on April 20, 2011 on behalf of individuals whose First Advantage report contained "any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years." Teagle Compl. ¶ 36.

Bolton concedes that he was not a member of either prospective class, but nevertheless argues that *American Pipe* tolling applies because the two actions were "sufficiently similar" to put First Advantage on notice of his claims. *See Crown, Cork*, 462 U.S. at 352 ("Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, but these ends are met when a class action is commenced." (internal

---

[2] LexisNexis sold its employee screening business to First Advantage after the two class actions were initiated.

4

citations omitted)). But being sufficiently similar to put First Advantage on notice is not enough to trigger *American Pipe* tolling; membership in the prospective class is required. Indeed, Bolton's argument ignores the doctrine's primary purpose: to incentivize prospective class members to remain passive and "rely on the named plaintiffs to press their claims." *Crown, Cork*, 462 U.S. at 353; *accord American Pipe*, 414 U.S. at 553 ("A contrary rule . . . would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure"). Bolton plainly cannot claim that his inaction in pursuing his claim was because he was relying on the named plaintiffs' actions in *Giddiens* and *Teagle* since the named plaintiffs in these suits did not represent his interests. He was not a passive participant in these cases; he was entirely absent.

Accordingly, since *American Pipe* tolling does not apply, First Advantage's motion to dismiss Bolton's untimely claims is GRANTED.

## III.   Relation Back

Bolton argues that the amended complaint, filed on March 16, 2015, relates back to the filing of the initial complaint on July 25, 2014 under Fed. R. Civ. P. 15(c). But Rule 15(c) does not permit relation back to an untimely initial claim. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading"). Nor can *American Pipe* be applied to Bolton's initial claim on behalf of prospective class members. Since Bolton commenced a clearly untimely suit, the class he purported to represent could fare no better.

Since Staples' claims are timely, this class action proceeds with Staples as the

representative for both the willful FCRA violation class and negligent FCRA violation class. The starting date for claims covered by this suit is the date of the amended complaint: March 16, 2015.

## CONCLUSION

For the reasons above, the Court GRANTS First Advantage's motion to partially dismiss the case. The claims against Bolton are dismissed as untimely. The Clerk of Court is to terminate the motion at docket number 40. First Advantage is directed to file an answer by July 31, 2015 and the parties are to submit a civil case management plan by that same date.

Dated: New York, New York
      July 1, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge